IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROBERT L. FUMBANKS III** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| vs. | § | C. A. NO. V-07-_____ |
| | § | |
| **HARRODS HOTELS, LTD.,** | § | |
| | § | |
| d/b/a Holiday Inn of Victoria | § | Jury Requested |
| | § | |
| **DEFENDANT** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES **ROBERT L. FUMBANKS III**, hereinafter referred to as Plaintiff, and files this his Original Complaint, complaining of **HARRODS HOTELS, LTD, d/b/a Holdiday Inn of Victoria**, hereafter referred to as Defendant, and for his cause of action would respectfully show the Court the following:

I.

Plaintiff, **ROBERT L. FUMBANKS III**, is a resident of Victoria, Victoria County, Texas.

Defendant, **HARRODS HOTELS, LTD., d/b/a Holdiday Inn of Victoria** is a Texas limited partnership with its principal place of business in Victoria, Victoria County, Texas. It can be served with process by serving its Registered Agent, Randy Rolland, at 6855 W. Sam Houston Parkway, Suite 5, Houston, Texas 77072.

II.

Plaintiff was employed by the defendant as a vehicle driver, in September, 2004. Plaintiff was terminated from his employment with Defendant on November 8, 2005. Within the time required by law, Plaintiff filed his written discrimination complaint with the Equal Employment Opportunity Commission. That agency then drafted a formal Charge of Discrimination and assigned Charge Number 460-2006-04202 to Plaintiff's discrimination complaint, which was signed and sworn to by Plaintiff, on 20 July, 2005 and returned to the Commission on that date. The matter was then assigned to the U. S. Equal Employment Opportunity Commission to investigate, and on November 16, 2006, that agency then issued its Notice of Right to Sue. Plaintiff now files this suit within 90 days of the date that such Right to Sue Notice was received, and within two years after the date that he was wrongfully discriminated against and his employment wrongfully terminated. As such, Plaintiff has fully complied with all necessary administrative prerequisites under state or federal law. This Court, therefore, has acquired subject matter jurisdiction over these claims.

III.

In addition, Plaintiff alleges that he was wrongfully terminated as a result of retaliation by his employer for making complaints of racial discrimination by coemployees, and that such complaint was likewise made and asserted in the claim that he made to the Equal Employment Opportunity Commission.

IV.

Plaintiff is a 49 year old African American male who was born on October 19, 1957. Plaintiff began his employment with Defendant in June, 2004. Soon after Plaintiff was hired, he began to be the victim of numerous instances when he was treated differently from Anglo or Hispanic employees. He was originally employed as a maintenance employee, but was then

demoted to a night time van driver and general assistant, at least partly because of racial discrimination by his supervisors.  He was eventually terminated from his employment by his supervisors; although the supervisors apparently contend and assert that he was terminated for other reasons, Plaintiff asserts that such allegations of other causes for his termination or pretextual and shams, and that it was actually retaliation and racial discrimination that were the motivations for such wrongful adverse employment decisions.

V.

Plaintiff asserts that Defendant, through its agents, representatives and employees, has subjected Plaintiff to unlawful discrimination and retaliation on the basis of his race,  and that Defendant's conduct violates  Title VII of the Civil Rights Act of 1964, 42 U. S. C. A. §2005e et seq. More specifically, Plaintiff would show that Defendant, through its agents, representatives and employees, discriminated against Plaintiff with respect to the terms, conditions and privileges of his employment, and by limiting, segregating, and/or classifying Plaintiff in an adverse manner solely or partially due to is race.  Plaintiff asserts that other non black  employees  were not treated in this discriminatory fashion.  Defendant's reasons for terminating Plaintiff's employment were not legitimate, but were pretextual,  designed to conceal the underlying discriminatory and retaliatory reasons for denying him new work and for his termination.  Such conduct by Defendant contravenes the aforementioned employment discrimination laws, and has caused Plaintiff to suffer substantial damages, as set forth below.

VI.

Plaintiff would show that she is within the class of individuals sought to be protected from discriminatory employment treatment by Defendant, as his employer, under Title VII of the Civil Rights Act of 1964, 42 U. S. C. A. §2005e et seq.

VII.

Plaintiff would show that at all times relevant to the claims made herein, Adrian Perez who terminated Plaintiff, and Jeff Sabedra, another supervisor, were all authorized vice-principals, agents, representatives and/or employees of Defendant, and said individuals were acting within the course and scope of their employment and/or position with Defendant when they engaged in the conduct described above. Consequently, their conduct is imputable to Defendant.

Plaintiff alleges that each of these Defendants conspired together and agreed to prevent Plaintiff from being able to properly, timely and effectively continue his employment, thereby intentionally and willfully causing Plaintiff to sustain and incur emotional distress and the loss of his job and employment benefits, and that all of such conduct was carried out specifically for the benefit of the Defendant's employer, Harrods Hotels, Ltd., d./b/a Holiday Inn of Victoria.

VIII.

Plaintiff would show that the illegal acts and conduct of Defendant, as described herein, have caused Plaintiff to suffer damages substantially in excess of the jurisdictional limits of this Court, including both past and future loss of earnings and employment privileges and benefits lost as a direct result of the illegal discrimination and retaliation against Plaintiff. Plaintiff asserts that he has also suffered substantial mental anguish and emotional distress directly caused by the unlawful employment practices engaged in by Defendant as described above. Plaintiff also seeks all rights and remedies available including compensatory and punitive damages pursuant to 42 U. S. C. A.§ 1981a, as amended..

IX.

Plaintiff would further show that Defendant's discriminatory and retaliatory employment actions and practices described above were intentional, malicious, wanton, heedless

and/or made with reckless indifference to Plaintiff's employment rights. Consequently, Plaintiff asserts entitlement to exemplary damages.

X.

Because of Defendant's actions and conduct described above, it has become necessary for Plaintiff to retain the undersigned attorney and law firm to represent him in this action, and that he has agreed to pay such attorney and law firm their usual and customary fees for representing Plaintiff, and to reimburse said attorney for all expenses and costs of litigation incurred in connection with this matter, and that Plaintiff is therefore statutorily entitled to recover all reasonable and necessary attorneys fees incurred in prosecuting this action, through trial and any appeals.

XII.

Plaintiff hereby makes demand for a jury trial to resolve all issues of fact requiring resolution in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff recover all such damages to which he may be entitled, under any theory of law, including actual damages as plead above, exemplary damages, attorneys fees and expenses, costs of court, prejudgment and postjudgment interest, and such general and further relief Plaintiff shows herself justly entitled.

Respectfully Submitted,

LAW OFFICES OF O.F. JONES III
109 W. Santa Rosa/ P.O. Drawer E
Victoria, Texas 77902
(361) 573-6381
(361) 576-4607 FAX

_____/s/_____
O. F. Jones III
State Bar No. 10974000
Fed. Bar No. 5497


ATTORNEY IN CHARGE FOR PLAINTIFF