UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **ROBERT L. FUMBANKS, III,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. V-07-20** |
| v. | § | |
| | § | |
| **HARRODS HOTELS, LTD. d/b/a** | § | |
| **HOLIDAY INN OF VICTORIA,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Dkt. #12) and Plaintiff's No Evidence Motion For Summary Judgment (Dkt. #15). Having reviewed the motions, responses, record, and the relevant law, the Court is of the opinion that Defendant's motion should be GRANTED and Plaintiff's motion should be DENIED.

## Background

In June 2004, Plaintiff Robert L. Fumbanks, III ("Fumbanks") was hired as a maintenance worker for Defendant Harrods Hotels, Ltd. d/b/a Holiday Inn of Victoria ("Holiday Inn"). On June 25, 2004, Fumbanks signed an employment document titled "Standards of Conduct." The document, in part, provides the following ground for discipline: "Failing to observe established health, fire and safety practices. Failure to report unsafe actions of other employees or any injuries sustained while on duty." Fumbanks understood that the document outlined various rules of employment and standards of conduct that applied to him as an employee.

While working at Holiday Inn, Fumbanks was assigned to different positions with different job duties. He initially complained about his maintenance job and was reassigned to the night maintenance crew for two nights a week and to landscaping duty for three days a week. In March or April of 2005, Fumbanks began to work as a van driver. Although Fumbanks claims that this job

change was a demotion, his salary per hour did not change and his work hours increased.

According to Fumbanks, while he was a van driver he was falsely accused of stealing breakfast food. Fumbanks allegedly received permission from various supervisors to take breakfast food from the hotel. After witnessing Fumbanks' actions, the kitchen manager, Chris Cavazos, reported his actions as theft to the management. Ms. Cavazos made three such reports in one week. After each complaint, Fumbanks met with management and explained how his actions were justified. Management then corroborated Fumbanks information and allegedly cleared him of wrongdoing. On the third occasion, Fumbanks told the general manager, Adrian Perez, that if any more complaints were filed, a charge of discrimination would be pursued with the United States Equal Employment Opportunity Commission ("EEOC"). No further complaints were made after Fumbanks' threat. It was Fumbanks' personal belief that Ms. Cavazos was racially discriminating against him when she made her complaints.

On November 8, 2005, Fumbanks was fired for the stated reason of withholding information about the on-the-job illegal drug use of another employee as well as for his suspected use of illegal drugs. Prior to Fumbanks' firing, he was counseled and warned on several occasions about his job performance and adherence with company policy. According to Fumbanks, his firing was discriminatory and/or retaliatory because of his threat to file an EEOC charge.

On July 20, 2006, Fumbanks filed his charge of discrimination with the EEOC. In his charge, Fumbanks asserts that he was discriminated against on the basis of race and was retaliated against. The charge provides, in part, as follows:

> I. In September 2004, I was hired by Respondent as a Driver. In or about September 2005, I was denied access to the lounge. I was also not allowed to eat in the restaurant. However, non-Black employees were allowed to do so. In or about October 2005, I was falsely accused for three times by Ms. Chris Cavazos, Kitchen Supervisor, for not paying for my breakfast. I informed Mr. Adrian Perez, General Manager, that I would file a complaint with the EEOC if this happened again. On

2

>November 5, 2005, I was sent home by Mr. Perez allegedly for not reporting a Security Guard smoking pot. On November 8, 2005, I was terminated by Mr. Perez for this reason.
>
>II. I believe I have been discriminated against because of my race, Black, and being retaliated against for informing Mr. Perez of my intention of filing a discrimination complaint, in violation for Title VII of the Civil Rights Act of 1964, as amended.

## Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998); *Texas v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "The court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d

1257, 1263 (5th Cir. 1991). However, the non-movant cannot avoid summary judgment by presenting only "conclusory allegations," or "unsubstantiated assertions," such as the bare allegations of a complaint, but must present sufficient evidence, such as sworn testimony in a deposition or affidavit, to create a genuine issue of material fact as to the claim asserted. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

## Discussion

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to "fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . race . . . ." 42 U.S.C. § 2000e-2(a)(1). A plaintiff in an employment discrimination case or retaliation case may present his case by direct or circumstantial evidence. *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001). If the plaintiff is able to produce direct evidence that an employment decision at issue was based upon discrimination, then the burden of persuasion shifts to the defendant, who must prove that it would have taken the same action regardless of discriminatory animus. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252-53 (1989). If the plaintiff bases its claims of discrimination on circumstantial evidence only, then the burden shifting test announced in *McDonnell Douglass Corp. v. Green*, 411 U.S. 729, 802 (1973) applies.

Under the burden shifting test, the allocation of the burden of production and the order for presentation of proof is as follows: (1) a plaintiff must first establish a *prima facie* case of discrimination; (2) if the plaintiff meets her burden, then the burden of production shifts to the defendant to produce evidence of a legitimate nondiscriminatory reason for its actions; and (3) if the defendant produces a legitimate reason, then the presumption of discrimination vanishes, and the

plaintiff must demonstrate a genuine issue of material fact that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142-43, 120 S.C.t 2097, 147 L.Ed.2d 105 (2000). The Court of Appeals for the Fifth Circuit has held that a *prima facie* case is established when evidence of the following is presented: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was subjected to an adverse employment action; and (4) the plaintiff was replaced by someone outside of the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)(citations omitted).

**I.     Holiday Inn's Motion for Summary Judgment**

**A.     Discrimination**

Holiday Inn argues that Fumbanks has failed to establish a *prima facie* case of discrimination or cannot produce evidence supporting a *prima facie* case. Holiday Inn does not dispute that Fumbanks is a member of a protected class, was qualified for the positions at issue, and was terminated. However, Holiday Inn claims that: (1) most of the instances of conduct that Fumbanks complains of are not adverse employment actions; and (2) Fumbanks cannot show that he was treated differently from similarly situated individuals.

Although Fumbanks' First Amended Complaint alleges workplace discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), only two specific instances of discrimination are identified. Fumbanks complains that: (1) his demotion to a night time van driver position was "at least partly" due to racial discrimination; and (2) he was fired due to racial discrimination.

Fumbanks EEOC complaint sets forth several additional instances of alleged discrimination. In his EEOC complaint, Fumbanks claims that he was: (1) denied access to the lounge; (2) not allowed to eat in the restaurant; and (3) falsely accused of not paying for his breakfast.

After reviewing the record and the relevant law, the Court agrees with Holiday Inn and finds that Fumbanks has failed to establish a *prima facie* case as to all of the above described instances of alleged discrimination. The alleged instances involving denial of lounge access, denial of restaurant access, and false accusations about breakfast do not rise to the level of adverse employment decisions. Under Fifth Circuit law, an adverse employment action must resemble an "ultimate employment decision . . . such as hiring, granting leave, discharging, promoting, and compensating." *Brazoria County v. EEOC*, 391 F.3d 685, 692 (5th Cir. 2004)(quoting *Dollis v. Rubin*, 77 F.3d 777, 782 (5th Cir. 1995)). Because denial of lounge access, denial of restaurant access, and false accusations about breakfast do not fall within these categories, they may not be the bases for discrimination claims. Furthermore, Fumbanks reassignment to a van driver position does not appear to rise to the level of an adverse employment action because he has not adequately proven that it was, in fact, a demotion. The record indicates that as a van driver Fumbanks' hourly pay did not change, he enjoyed the work, and he was permitted to work more hours. The only evidence supporting Fumbanks characterization of his job as a "demotion" are his own conclusory allegations, which are insufficient. Lastly, with regard to Fumbanks firing, he has not shown that similarly situated individuals were treated differently or that he was replaced by someone outside of the protected class. To the contrary, the most similarly situated individual of record, a hispanic security guard who was caught using marijuana, was fired along with Fumbanks. In any event, even if the Court were to find that Fumbanks had established a *prima facie* case with regard to his firing, his claim would still fail because he has not directed the Court to sufficient evidence showing that Holiday Inn's legitimate reasons for his firing were pretextual.

**B.  Retaliation**

Fumbanks contends that his firing amounted to unlawful retaliation. He asserts that this retaliation occurred because he threatened to file a charge of discrimination with the EEOC after false

accusations of breakfast food theft.  Holiday Inn maintains that Fumbanks cannot prevail on his claim of retaliation because (1) no evidence shows that he engaged in a protected activity; and (2) no evidence establishes a causal link between protected activity and Fumbanks' firing.

A plaintiff must prove the following three elements to establish a retaliation claim: (1) that the plaintiff engaged in a protected activity; (2) that an adverse employment action followed the protected activity; and (3) that there was a causal connection between that adverse action and the protected activity.  *Washburn v. Harvey*, 504 F.3d 505, 510 (5th Cir. 2007)(citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)); *Grubic v. City of Waco*, 262 Fed.Appx. 665, 666 (5th Cir. 2008)(per curiam).  Once a plaintiff makes out this *prima facie* case, the defendant must give a legitimate, nondiscriminatory reason for its adverse action.  *Grubic*, 262 Fed. Appx. at 667 (citation omitted).  If the defendant succeeds, the plaintiff must then show that the employer's explanation is pretextual.  *Id.* (citation omitted).

The Court finds that summary judgment is warranted on Fumbanks' retaliation claim.  Although Fumbanks asserts that he was fired in retaliation for threatening to file an EEOC charge, Fumbanks has not provided any evidence showing that his threat caused his firing.  Moreover, even if the Court were to find that Fumbanks supported his claim with evidence, his claim would still fail because he has not directed the Court to any evidence that would overcome Holiday Inn's legitimate, non-discriminatory reasons for his firing, namely his failure to report his co-worker for illegal drug use and his own suspected drug use.

**II.     Plaintiff's No Evidence Motion for Summary Judgment**

Fumbanks argues that Holiday Inn does not have any evidence to controvert his version of the facts and therefore summary judgment must be granted in his favor.  Fumbanks emphasizes that both parties have been unable to locate and depose certain former Holiday Inn management personnel, namely Jeff Sabedra and Adrian Perez, who have personal knowledge of the facts of this

case. Fumbanks has cited several specific pages of his deposition testimony to support his position.

After reviewing the cited deposition testimony and the record, the Court finds that Fumbanks is not entitled to summary judgment. For the reasons stated in section I, the Court finds that Fumbanks has failed to present sufficient evidence to support his claims.

## Conclusion

Defendant's Motion for Summary Judgment (Dkt. #12) is hereby GRANTED and Plaintiff's No Evidence Motion For Summary Judgment (Dkt. #15) is hereby DENIED.

So ORDERED this 9th day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE